IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYREECE O. JEFFERSON,**

      **Petitioner,**

v.                                          **Civil Action No.  1:05cv10**
                                            **Criminal Action No.  1:02cr59**
                                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On January 19, 2005, the *pro se* petitioner, Tyreece O. Jefferson, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. After a preliminary review of the file, the undersigned determined that summary dismissal of the petition was not warranted at that time and the respondent was directed to file an answer. The respondent filed a response on September 14, 2006. Petitioner filed his reply on November 13, 2006. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq.

## I.  Procedural History

### A.  Conviction and Sentence

On November 7, 2002, Petitioner was charged in a five-count indictment of money laundering and various violations of the Controlled Substances Act. On February 27, 2003, pursuant to a written plea agreement, Petitioner pled guilty to Count three -- distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). On July 23, 2003, Petitioner was sentenced to 63 months imprisonment.

**B. Direct Appeal**

Petitioner filed a direct appeal of his conviction and sentence objecting to the District Court's application of a firearm enhancement at sentencing. After the submission of briefs, Petitioner's conviction and sentence were *per curiam* affirmed by the Fourth Circuit on January 22, 2004.

**C. Federal Habeas Corpus**

**Petitioners' Contentions**

(1) Counsel was ineffective for failing to object to the use of a juvenile conviction in the calculation of his criminal history points.

(2) Counsel was ineffective for failing to object to proof of the firearm.

(3) Counsel was ineffective for failing to object to his unconstitutional sentence pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004)[1] and United States v. Booker, 543 U.S. 220 (2005).[2]

**Government's Response**

(1) Counsel cannot be ineffective for failing to object to the use of Petitioner' juvenile conviction in calculating his criminal history points because such calculation was lawful and appropriate.

(2) Counsel vigorously objected to the firearm enhancement and even if he had not done so,

---

[1] Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."

[2] In Booker, the Supreme Court applied the holding in Blakely to the federal sentencing guidelines. More specifically, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal.

there is adequate proof in the record to support the enhancement as evidenced by the Fourth Circuit's affirmance of the enhancement on appeal.

(3) Petitioner may not challenge the constitutionality of his sentence under Booker in these proceedings because Booker is not retroactive to cases on collateral review.

## II. Standard of Review

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry

3

of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Here, Petitioner challenges counsel's actions as they apply to the sentencing phase of his criminal proceedings. Petitioner does not challenge the actual plea itself. Thus, Strickland, not Hill, is the applicable standard in this case. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

## III. Analysis

According to the Respondent, the facts surrounding Petitioner's arrest and prosecution are as follows:

> In August of 2002, the Mon Valley Narcotics Task Force, was involved in investigating crack cocaine dealing from 210 Norval Street, Fairmont, West Virginia. As part of the investigation, the task force developed confidential informants who advised the task force that individuals from Columbus, Ohio, were distributing cocaine base from the residence of Lakisha Washington. On August 2, 2002, a task force confidential informant paged the defendant for the purpose of arranging a purchase of cocaine base. Defendant returned the page, informing the confidential informant he was at Kisha's (unindicted co-conspirator Lakisha Washington) and confirmed the agreement for selling $100 of crack cocaine. Jefferson then instructed the confidential informant

4

> to come to the Washington residence but to remain in the vehicle. When the confidential informant pulled in front of Washington's home at approximately noon, defendant came out of the Washington residence, approached the confidential informant's vehicle and sold $100 of crack cocaine that was forensically tested to be .6 grams of cocaine base. When the sale was completed, Jefferson returned to the Washington residence.
>
> Once the task force confirmed the substance bought was crack cocaine, officers sought and received a search warrant for the Washington residence at 210 Norval Street. The search was executed approximately one hour following the defendant's distribution. Upon executing the search warrant, officers located plastic bags in the kitchen and in Ms. Washington's child's bedroom. Two digital scales were also found in the child's bedroom, along with $1,000 in United States currency and a Western Union receipt from Eleanor Walker, the mother of Lakisha Washington, to Tyreece Jefferson dated July 30, 2002, in the amount of $875. Also found in the closet of the child's bedroom, were 9.71 grams of cocaine base and a loaded .9mm Hi-point pistol. The only papers or identification to go along with the male clothing in the child's bedroom was the Ohio identification of defendant.

Respondent's Response to Petition (dckt. 61) at 2-3 (internal citations omitted).

At the conclusion of Petitioner's Rule 11 hearing, the Court directed the Probation Office to prepare a presentence report ("PSI") for Petitioner. In the PSI, the probation officer recommended a firearm enhancement be applied pursuant to U.S.S.G. § 2D.1(b)(1). The report also assessed Petitioner two criminal history points for a 1998 juvenile conviction in Cabell County, West Virginia, for possession with intent to deliver cocaine base. Although counsel objected to the firearm enhancement, no objection was filed to the use of Petitioner's juvenile conviction in the calculation of his criminal history points.

At sentencing, the United States relied on a proffer of testimony from the plea hearing and information included in the PSI. The Court offered Petitioner the opportunity to call witnesses, but after conferring with counsel, declined to do so. The Court subsequently denied Petitioner's objection to the firearm enhancement and sentenced Petitioner to 63 months.

**A. Ground One**

In ground one, Petitioner argues that counsel was deficient for failing to object to the use of his juvenile conviction in the calculation of his criminal history points. In support of this claim, Petitioner asserts that pursuant to W.Va. Code § 49-5-18 juvenile convictions are automatically expunged one year after the child's 18th birthday or the expiration of juvenile jurisdiction. Moreover, Petitioner asserts that under the sentencing guidelines, expunged convictions cannot be used to calculate criminal history points. Thus, Petitioner argues that because his juvenile conviction was expunged by the State of West Virginia, it could not be used to calculate his criminal history points.

This Court has previously considered whether the United States Sentencing Guidelines permit the inclusion of a juvenile conviction in calculating criminal history points, even where the conviction has been expunged pursuant to state law. In United States v. Hairston, 152 F.Supp.2d 894, 895 (N.D.W.Va. 2001), the Honorable W. Craig Broadwater found that the sentencing guidelines prohibit the Court from considering expunged convictions in calculating criminal history points. See Id. (citing U.S.S.G. § 4A1.2(j)). However, Judge Broadwater also found that a conviction is "expunged" for purposes of U.S.S.G. § 4A1.2(j), "only if the expungement is related to reasons of innocence or errors of law." Id. at 897. Consulting West Virginia law on the meaning of expungement,[3] Judge Broadwater further determined that juvenile offenses in West Virginia are expunged not for reasons of innocence or errors of law, but for purposes of rehabilitation. Id. Thus, Judge Broadwater determined that a West Virginia juvenile conviction, even if expunged, could be

---

[3] Because expungement is not expressly defined in the Guidelines, the Court must turn to the law of the State in which the conviction occurred to determine the basis for the State's decision to "expunge" juvenile convictions. Hairston, 152 F.Supp.2d at 896-97. A conviction is "expunged" for Guideline purposes, only if "the basis for the expungement under state law is related to 'constitutional invalidity, innocence, or errors of law.'" Id. (quoting United States v. Hines, 133 F.3d 1360, 1364 (10th Cir. 1998)).

considered in calculating criminal history points.[4]

Since the Court properly considered Petitioner's juvenile conviction to calculate his criminal history points, counsel could not be ineffective for failing to object to the use of such conviction. Accordingly, ground one is without merit.

## B. Ground Two

In ground two, Petitioner asserts that counsel was deficient for failing to object to proof of firearm. In support of this claim, Petitioner asserts that the government had the burden of proving the enhancement. Further, Petitioner asserts that the only evidence offered by the government to prove the enhancement was unsupported allegations by the Probation Officer in the PSI. Petitioner asserts that such evidence was insufficient and that the government failed to establish adequate proof for the enhancement. Petitioner asserts that without the benefit of live testimony during an adversarial process, the Court could not properly assess the credibility and reliability of the evidence.

In the plea agreement, the parties recognized their disagreement as to the appropriateness of a firearm enhancement, and therefore, agreed to submit the issue to the Court for determination. At the conclusion of the Rule 11 hearing, the Court directed the Probation Office to prepare a presentence investigation report. In the PSI, the probation officer recommended that a firearm enhancement be applied. Defense counsel objected and vigorously contested the application of such enhancement. Although the government subpoenaed witness for the sentencing hearing, the government chose to rely on the proffer of testimony from the plea hearing and the information

---

[4] See also United States v. Daniels, 929 F.2d 128 (4th Cir. 1991), wherein the Fourth Circuit held that pursuant to the Supremacy Clause, state laws sealing juvenile records do not bar federal courts from considering such juvenile records for sentencing purposes.

contained in the PSI. Petitioner was given the opportunity to call live witnesses, but he declined.

The United States Sentencing Guidelines provides for a two-level sentence enhancement if a dangerous weapon is possessed during the commission of an offense "unless it is clearly improbable that the weapon was connected with the offense." See U.S.S.G. § 2D1.1(b)(1), comment note 3. Moreover, District Courts have been given wide latitude to determine whether to apply a dangerous weapon enhancement. In fact, the Fourth Circuit has found that all that is needed to invoke the enhancement is "possession of weapon during the commission of a drug offense." United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). The Fourth Circuit has also found the presence of guns "fairly inferable" during drug transactions, United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994), and has noted that guns have become tools of the trade. United States v. White, 875 F.2d 427 (4th Cir. 1989).

First, the Court notes that the propriety of applying the firearm enhancement was considered by the Fourth Circuit on appeal and is not appropriate for review under § 2255. See Davis v. United States, 417 U.S. 333 (1974) (issues decided on direct appeal cannot be reconsidered under § 2255 absent a showing of a change in law); Boeckenhaupt v. United States, 537 F. 2d 1182 (4th Cir. 1976) (same).[5] However, even if this Court can consider this claim under § 2255, the testimony of the detective at the plea hearing shows that the firearm was discovered in close proximity to drugs, scales and large amounts of cash. In addition, the firearm was found near clothing that contained Petitioner's identification. Consequently, it was clearly probable that the weapon was connected to the offense and the government satisfied its burden of proof. Therefore, counsel was not

---

[5] Petitioner asserts no intervening change in the law that would require the Court to reconsider these issues under § 2255.

8

ineffective for failing to object to the adequacy of proof offered for purposes of applying the firearm enhancement. Accordingly, ground two is without merit.

**C. Ground Three**

In ground three, Petitioner asserts that counsel was deficient for failing to object to his unconstitutional sentence. In support of this claim, Petitioner asserts that he pled guilty to count three of the indictment which did not include any allegations regarding the possession of a weapon, nor did Petitioner confess or admit to any involvement with a weapon pursuant to the plea agreement or at the Rule 11 hearing. Thus, because the weapons enhancement was not charged in count three of the indictment, Petitioner asserts that the penalty for his crime was unconstitutionally increased pursuant to Booker.

However, Petitioner's Booker argument is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (2005), finding that Booker is not retroactively applicable to cases on collateral review. Accordingly, ground three is without merit.

**III. Recommendation**

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: March 28, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE